## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PETER J. EMBERTON,

        Plaintiff,

vs.                                         No. CIV 07-1200 JB/RLP

DONALD EUGENE RUTT, as Trustee of the
JOHN AND GERALDINE EMBERTON TRUST,
And in His Individual Capacity,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Matter to the United States District Court for the Southern District of Texas, filed December 4, 2007 (Doc. 5)("Motion"). The Court held a hearing on January 28, 2008. The primary issues are: (i) whether the New Mexico courts lost personal jurisdiction over Defendant Donald Eugene Rutt when he consented to the courts' jurisdiction, but then allegedly moved the principal place of administration of a trust to Texas; and (ii) whether, for the convenience of the parties and in the interest of justice, the Court should transfer the case to the Southern District of Texas. Because Rutt accepted co-trusteeship of a Trust with its principal place of administration in New Mexico, because it does not appear that the move of the Trust's principal place of administration automatically divested the New Mexico Court of that jurisdiction, and for other reasons consistent with New Mexico law and due process, the Court will deny the motion.

## FACTUAL BACKGROUND

This case stems from Rutt's administration of the John and Geraldine Emberton Trust. On

May 2, 1994, John and Geraldine Emberton created the Trust, whereby they were grantors and Co-Trustees of the Trust.  See Motion, Exhibit 1, Affidavit of Donald Rutt ¶ 3, at 1 (executed November 29, 2007)("Rutt Aff.").  The Trust was created in New Mexico for John and Geraldine Emberton, who were New Mexico residents at the time the Trust was executed.  See Motion at 1.  Notice of Removal, Exhibit A, Trust Agreement at 15.  Pursuant to Article XVII of the Trust

> This Trust is established and accepted by the Trustee under the laws of New Mexico, and all questions concerning its validity and construction shall be determined under such law.  Any questions relating to the administration of the Trust shall be determined by the law of the situs (place of administration) at that time even though the situs of some Trust assets or the home of the Grantors, a Trustee, or a beneficiary may at some time or times be elsewhere.

Trust Agreement, Article XVII of the Trust at 15.

Geraldine Emberton died on January 16, 2004, and as a result, John Emberton began acting as sole trustee of the Trust.  See Rutt Aff. ¶ 4, at 1.  On April 8, 2004, John Emberton executed a Second Amendment to the Trust, and in his amendment, Rutt was named Co-Trustee of the Trust, along with John Emberton.  See id. ¶ 5, at 2.  Rutt is a resident of Texas.  See id. ¶ 8, at 2.  Rutt's signature on the Second Amendment to the Trust was notarized in Harris County of Texas.  See Notice of Removal, Exhibit C, Second Amendment at 5.

John Emberton died on October 7, 2004, and thereafter Rutt became sole Trustee of the Trust.  See id. ¶ 6, at 2.  At all relevant times since he became Successor Trustee of the Trust, and in his capacity as Trustee, Rutt has administered the Trust in and from his home in Texas.  See id. ¶ 9, at 2.  Rutt represents that he has no connection with the State of New Mexico.  See id. ¶ 18, at 2.  There are no Trust assets located in New Mexico, and there are no beneficiaries of the Trust located in New Mexico.  See id. ¶¶ 10, 16, at 2.  Neither the Trust nor Rutt has any bank accounts in New Mexico.  See id. ¶¶ 12, 13, at 2.  Neither the Trust nor Rutt own any real or personal

property located in New Mexico.  See id. ¶¶ 10,  11, at 2.

Rutt represents that the only other beneficiary of the Trust, Sondra Leah Reynolds, is a resident of the State of Washington.  See id. ¶ 16, at 2.  Plaintiff Peter J. Emberton, who alleges to be a beneficiary of the Trust, is a resident of California.  See Notice of Removal, Complaint for Breach of Trust and For Accounting ¶ 2, at 1, filed October 22, 2007 ("Complaint").  Thus, there are no trustees, assets of the Trust, or beneficiaries, actual or claimed, located in the State of New Mexico.

## PROCEDURAL BACKGROUND

Emberton alleges that Rutt breached his fiduciary duties as Trustee of the Trust and failed to give proper notices of the Trust activities to Emberton.  See Rutt Aff. ¶¶ 10-16, at 2; Complaint ¶¶ 11-26, at 4-7. Rutt, as Trustee and in his individual capacity, requests that the Court dismiss the action pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over him or, in the alternative, to transfer this matter, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Southern District of Texas.  See Motion at 1.  Rutt asserts that the principal place of administration of the Trust is Texas.  See Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Matter to the United States District Court for the Southern District of Texas at 2, filed January 4, 2008 (Doc. 12)("Reply").

Rutt contends that there is no "major player from the State of New Mexico," because Rutt is from Texas, Emberton is from California, and Reynolds is from Washington.  Id. at 2.  Rutt contends that the following factors "dictate that Texas is the more appropriate forum:"  (i) Rutt, the Trustee, resides in Texas; (ii) the administration of the Trust "at all relevant times has taken place

in Texas"; (iii) the records of administration are in Texas; (iv) witnesses are located in Texas; (v) Emberton "has already demonstrated that the travel necessary for litigation is immaterial"; and (vi) "[p]ursuant to the plain terms of the Trust, Texas law will govern this dispute."  Id. at 3.  Rutt concedes that "all questions regarding the validity and the construction of the Trust are to be decided by the laws of New Mexico," but argues that Texas state law governs issues regarding administration of the Trust.  See id. at 5.

Peter Emberton contends that the New Mexico Uniform Trust Code provides a basis of personal jurisdiction over Rutt.  See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Matter to the United States District Court for the Southern District of Texas, filed December 21, 2007 (Doc. 11)("Response").  Peter Emberton argues that Rutt accepted a co-trusteeship of a trust with its principal place of administration in New Mexico.  See id. at 5.  Peter Emberton concedes that "the Trust Agreement does not specifically set out a principal place of administration," but contends that "it is clear from the terms [in the] Trust Agreement that the original place or situs of administration was New Mexico."  Id.

Peter Emberton asserts that Rutt has not proffered any evidence to demonstrate that the principal place of administration was transferred outside of New Mexico.  See id. at 7-8.  Peter Emberton contends that the Court has general long-arm jurisdiction over Rutt, because Rutt transacted business within New Mexico,  see id. at 8, and that the exercise of personal jurisdiction over Rutt satisfies due process because he has sufficient minimum contacts with New Mexico,  see id. at 9-11.  Lastly, Peter Emberton contends that the matter should not be transferred to the Southern District of Texas, because Emberton intends to call New Mexico residents as witnesses,

and because New Mexico law governs the construction of the Trust Agreement,  see id. at 12-13.

The Court held a hearing on January 28, 2008.  Rutt conceded that, during the period of time that John Emberton and he were acting as Co-Trustees, New Mexico courts had personal jurisdiction over Rutt.  See Transcript of Hearing (taken January 28, 2008)("Tr.") at 11:6-14 (Court & Wedl).[1] Rudd conceded that one claim arises from that period of time, and that there is sufficient personal jurisdiction over him for that claim, but contended that the claim has no merit.  See id. at 11:15-12:16 (Court & Wedl).

## LAW REGARDING PERSONAL JURISDICTION

In determining whether a federal court has personal jurisdiction over a defendant, the Court must determine "[(i)] whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and [(ii)] whether the exercise of jurisdiction comports with due process." Peay v. Bellsouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000)(internal quotations omitted).  The applicable federal statute is 28 U.S.C. § 1332, the diversity statute. "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that [(i)] jurisdiction is legitimate under the laws of the forum state and that [(ii)] the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004)(internal quotations omitted).  Thus, jurisdiction is appropriate only if (i) a nonresident is subject to the New Mexico personal-jurisdiction law, and (ii) the exercise of personal jurisdiction over a nonresident defendant comports with Due Process.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

1.      __New Mexico's Long-Arm Statute__.

New Mexico's long-arm statute provides:

**§ 38-1-16. Personal service of process outside state**

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

(2) the operation of a motor vehicle upon the highways of this state;

(3) the commission of a tortious act within this state;

(4) the contracting to insure any person, property or risk located within this state at the time of contracting;

(5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

* * * *

C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M.S.A. 1978, § 38-1-16.  The New Mexico long-arm statute is coextensive with constitutional limitations that the Due-Process Clause imposes.  See Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 6, 48 P.2d 50, 54. Thus, if jurisdiction is consistent with the Due-Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant.  See Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 6, 48 P.2d at 54.

New Mexico may have jurisdiction over a defendant who "transacts business" in New Mexico within the meaning of N.M.S.A. 1978, § 38-1-16(A)(1).  In Monks Own, Ltd. v. Monastery

of Christ In Desert, 2007-NMSC-054, 168 P.3d 121, the Supreme Court of New Mexico explained that "[t]ransaction of any business . . . is defined as doing a series of similar acts for the purpose of realizing a pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts." Id. ¶ 24, 168 P.3d at 128 (internal quotations omitted).  The Court must look to the facts of each case to determine "if the transaction of business category is met."  Id.  In State Farm Mutual Insurance Co. v. Conyers,109 N.M. 243, 784 P.2d 986 (1989), the Supreme Court found New Mexico courts had personal jurisdiction over a nonresident couple involved in a car accident in another state because the insurance agreement was entered into in New Mexico.  See 109 N.M. at 244-45, 784 P.2d at 978-88. Because the nonresidents purchased insurance, there were sufficient minimum contacts to exercise personal jurisdiction, because they had transacted business in New Mexico.  See id. at 245, 784 P.2d at 288.

　　　　To satisfy the requirements of the New Mexico long-arm statute, the court must evaluate a three-prong test: (i) did the defendant commit an act or omission set forth in N.M.S.A. 1978, § 38-1-16; (ii) does the plaintiff's cause of action arise out of the alleged acts or omissions; and (iii) does the defendant have sufficient minimum contacts with New Mexico to satisfy due process concerns.  See Tercero v. Roman Catholic Diocese, 2002-NMSC-018, ¶ 8, 48 P.2d at 54. New Mexico decisions have consistently recognized its courts may exercise personal jurisdiction over a nonresident defendant only if sufficient minimum contacts exist between the defendant and the forum state, meaning "the degree to which [the] defendant purposefully initiated activity within the State."  Sanchez v. Church of Scientology, 115 N.M. 660, 664, 857 P.2d 771, 775 (1993)(internal quotations omitted).  "The purposeful activity requirement assumes that a defendant will not be

subject to jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Id.

  **2.**   **Due-Process Limitations.**

  The "minimum contacts" standard may be met in two ways.  Specific jurisdiction exists when the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  General jurisdiction, on the other hand, lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the suit is unrelated to the defendant's contacts with the state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 and n. 9 (1984).  If a defendant has "continuous and systematic contacts with [New Mexico] such that the defendant could reasonably foresee being haled into court in that state for any matter, [then] New Mexico has general personal jurisdiction and the plaintiff need not demonstrate a connection between the defendant's contacts and the cause of action." Zavala v. El Paso County Hosp. Dist., 2007-NMCA-149, ¶ 12, 172 P.3d 173, 179 (internal quotations omitted and alteration in original).  In either case, the court must confirm that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

  When considering general and specific jurisdiction, it is important to note that both require a showing that exercise of jurisdiction will not "offend traditional notions of fair play and substantial justice." Zavala v. El Paso County Hosp. Dist., 2007-NMCA-149, ¶ 12, 172 P.3d at 179 (internal quotations omitted).  This determination is made by balancing five factors: (i) the burden on the defendant; (ii) the forum's interest; (iii) the plaintiff's interest; (iv) the interest in an efficient judicial system; and (v) the interest in promoting public policy.  See id. (citing Burger King Corp. v.

Rudzewicz, 471 U.S. 462, 467-77 (1985)).

**3.    New Mexico Law Regarding Trustees.**

With regard to the personal jurisdiction issue, in addition to New Mexico's long-arm statute, New Mexico law provides that one who accepts the office of trustee of a trust with its principal place of administration in New Mexico submits personally to the jurisdiction of the courts of New Mexico regarding any matter involving the trust. See N.M.S.A. 1978, § 46A-2-202. Specifically New Mexico Statutes Annotated Section 46A-2-202 provides:

> A. By accepting the trusteeship of a trust having its principal place of administration in this state or by moving the principal place of administration to this state, the trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.
>
> B. With respect to their interests in the trust, the beneficiaries of a trust having its principal place of administration in this state are subject to the jurisdiction of the courts of this state regarding any matter involving the trust. By accepting a distribution from such a trust, the recipient submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust.
>
> C. This section does not preclude other methods of obtaining jurisdiction over a trustee, beneficiary or other person receiving property from the trust.

N.M.S.A. 1978, § 46A-2-202 (emphasis added).

**4.    Retention of Personal Jurisdiction.**

In Michigan Trust Co. v. Ferry, 228 U.S. 346 (1913), William Ferry died while domiciled in Michigan. See id. at 352. The defendant, Edward Ferry, was appointed executor by a Michigan court, qualified, and began his duties. See id. In 1878, after becoming incompetent, Edward Ferry was removed to Utah and put under the guardianship of his two sons. See id. In 1903, legatees and devisees petitioned the Michigan probate court for Ferry's removal as executor and for an order of accounting. See id. The Supreme Court began by noting:

> Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure.  But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not . . .  so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him <u>by every subsequent order in the case</u>.

Id. at 353 (emphasis added).  The Supreme Court further explained that

> [t]his is true not only of ordinary actions, but of [trust] proceedings . . . . It is within the power of the state to make the whole administration of the estate a single proceeding, to provide the one who has undertaken it within the jurisdiction shall be subject to the order of the court in the matter until the administration is closed by distribution, and, on the same principle that he shall be required to account for and distribute all that he receives, by order of the probate court.

Id.  "[I]t was within the power of the probate court to order [the executor] to distribute [an] amount or pay it to his successor . . . [and] was made with full jurisdiction and, apart from the insanity of the accountant, could be sued upon, and was entitled to full faith and credit elsewhere."  Id. at 355 (internal citations omitted).  Thus, the Michigan court did not lose personal jurisdiction over Ferry despite his insanity.  See id. at 356; Kotsonis v. Superior Motor Exp., 539 F.Supp. 642, 646 (M.D.N.C. 1982)(stating that, in the context of transfer under 28 U.S.C. § 1404(a), "[p]ersonal jurisdiction once obtained is not lost.");  Gilford v. People, 2 P.3d 120, 129 (Colo. 2000)(Hobbs, J., concurring)(explaining that "[a] court does not generally lose jurisdiction by the occurrence of a subsequent event, even if that event would have prevented acquiring jurisdiction in the first instance.").

## 28 U.S.C. § 1404

Federal law provides that an action may be transferred to a district or division where it might have been brought when it is convenient for parties and witnesses, and is in the interest of justice.

-10-

See 28 U.S.C. § 1404(a).  In determining whether to transfer a case pursuant to § 1404(a), the court

should weigh a number of factors, including:

> [(i)] the plaintiff's choice of forum, [(ii)] the locus of the operative facts, [(iii)] the
> convenience and relative means of the parties, [(iv)] the convenience of witnesses,
> [(v)] the availability of process to compel the attendance of witnesses, [(vi)] the
> location of physical evidence, including documents, [(vii)] the relative familiarity of
> the courts with the applicable law, and [(viii)] the interests of justice, including the
> interest of trial efficiency.

Hickam v. Janecka, No. CIV 06-1132 JB/RLP, 2007 WL 2219417 at *1 (D.N.M. May 7,

2007)(Browning, J.)(internal quotations omitted).  The Court has discretion to transfer a matter

under 8 U.S.C. § 1404.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515

(10th Cir. 1991)(stating that "[c]ourts therefore enjoy. . . discretion to transfer a cause pursuant to

§ 1404(a)").

Under 28 U.S.C. § 1404(a), the transferee court must generally apply the state law that would

have been applied if there were no transfer.  See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990)

(stating that "the law applicable to a diversity case does not change upon a transfer initiated by a

defendant)(citing Van Dusen v. Barrack, 376 U.S. 612, 635-37 (1964)); Security Ins. Co. of Hartford

v. Clovis Ins. Ctr., No. CIV 04-1246, Memorandum Opinion and Order at 13, filed May 10, 2006

(Doc. 155)(D.N.M. 2006)(Browning, J.)("When venue is proper in the original forum, an action can

be transferred to another venue and the law of the transferor state applies to the action, regardless

of who initiates the transfer.").   "The rule is settled that when a district court grants a venue change

pursuant to 28 U.S.C. § 1404, the transferee court is obligated to apply the law of the state in which

the transferor sits."  Yoder v. Honeywell Inc., 104 F.3d 1215, 1219 (10th Cir. 1997).  This rule

applies whether the defendant or the plaintiff initiates the change of venue.  Id.

## ANALYSIS

The Court has personal jurisdiction over Rutt because he submitted to the jurisdiction of New Mexico courts when he accepted the trusteeship and because his moving of the place of administration has not extinguished that consent.  He also has sufficient minimum contacts with New Mexico so that exercise of jurisdiction over him does not offend traditional notions of fair play and substantial justice.  Because the Court has jurisdiction over Rutt and because the factors do not suggest that the Court should transfer the case from New Mexico, the Court will not transfer the case to the United States District Court for the Southern District of Texas.

## I.      THE COURT HAS PERSONAL JURISDICTION OVER RUTT.

There is no dispute that at one time Rutt submitted to New Mexico courts' jurisdiction. There is also insufficient evidence that Rutt's actions since that consent has vitiated that previous consent.  Moreover, Rutt continues to have sufficient minimum contacts with New Mexico such that exercise of personal jurisdiction over him does not violate due process.  Jurisdiction is appropriate over Rutt if (i) he is subject to the New Mexico personal jurisdiction law and (ii) the exercise of personal jurisdiction over him comports with Due Process.  See Benton v. Cameco Corp., 375 F.3d at 1075.

### A.      RUTT SUBMITTED TO NEW MEXICO COURTS' JURISDICTION BY ACCEPTING A CO-TRUSTEESHIP IN NEW MEXICO.

There is no dispute that, while John and Geraldine Emberton were alive, the Trust was administered in the State of New Mexico.  There is also no dispute that the Trust was established in New Mexico.  It is equally clear that all questions regarding the validity and construction of the Trust are to be decided by the laws of New Mexico.

The Trust does not, however, specify that New Mexico is and always shall be the place of

administration.  Nevertheless, under New Mexico law, Rutt, "[b]y accepting the trusteeship of a trust having its principal place of administration in this state . . . the trustee submit[ted] personally to the jurisdiction of the courts of this state regarding <u>any matter</u> involving the trust."  N.M.S.A. 1978, § 46A-2-202(A)(emphasis added).  Rutt does not dispute that, at some point, he was subject to the jurisdiction of New Mexico's courts.  <u>See</u> Tr. at 11:6-14 (Court & Wedl).  The issue is whether New Mexico courts somehow lost jurisdiction when Rutt moved administration of the Trust to Texas.

The language of the Trust itself provides that "[a]ny questions relating to the administration of the Trust shall be determined by the law of the situs (place of administration) at that time even though the situs of some Trust assets or the home of the Grantors, a Trustee, or a beneficiary may at some time or times be elsewhere."  Trust Agreement, Article XVII of the Trust at 15.   The trust itself recognized that the place of administration might change of time.  Thus, while the place of administration was not permanently fixed as in the State of New Mexico, there is no dispute that Rutt accepted the office of Co-Trustee in April of 2004.  Rutt contends that he undertook his duties as Co-Trustee from his residence in Texas.  <u>See</u> Rutt Aff. ¶ 5, at 2. At the hearing, however, Rutt conceded that during the period of time that John Emberton and he were acting as Co-Trustees, New Mexico courts had personal jurisdiction over Rutt.  <u>See</u> Tr. at 11:6-14 (Court & Wedl).  Rutt also conceded that one claim arises from that period of time, and that there is sufficient personal jurisdiction over him for that claim.  <u>See</u> <u>id.</u> at 11:15-12:16 (Court & Wedl).

Rutt nevertheless contends that, because the principal place of administration was moved to Texas, any personal jurisdiction that New Mexico may have had over Rutt was extinguished.  Rutt argues that, because Emberton's Complaint predominantly stems from actions or inactions of Rutt while the Trust was being administered in Texas, New Mexico Statutes Annotated § 46A-2-202(A)

-13-

is inapplicable and does not confer personal jurisdiction over him.  Specifically Rutt contends that

the law of the principal place of administration governs this matter.

While the principal place of administration may now be Texas, at one time, it was New

Mexico. The Court notes that generally personal jurisdiction, once obtained by a court, does not

extinguish.  See Michigan Trust Co. v. Ferry, 228 U.S. at 353.  The Court believes that, because Rutt

consented and submitted to personal jurisdiction in New Mexico's courts, it continues to have

personal jurisdiction over Rutt under New Mexico Statutes Annotated § 46A-2-202(A).  Nothing

in the plain language of the statute, or of the Trust documents, or in the caselaw, suggests that

moving the place of administration initiated that consent.

### B.    RUTT HAS SUFFICIENT MINIMUM CONTACTS WITH NEW MEXICO SUCH THAT EXERCISE OF PERSONAL JURISDICTION OVER HIM IS CONSISTENT WITH DUE PROCESS.

Rutt contends that he does not have sufficient contacts with New Mexico to satisfy due

process requirements.  Rutt asserts that his contacts with New Mexico are not continuous and

systematic, and  therefore the Court cannot constitutionally exercise personal jurisdiction over him.

Under the factors set forth in Burger King Corp. v. Rudzewicz, however, the Court's exercise of

jurisdiction over Rutt does not offend traditional notions of fair play and substantial justice, and is

consistent with due process.

### 1.    The Burden on Rutt.

Rutt was named a trustee of a Trust that was created in New Mexico.  Rutt contends that the

office of Trustee was imposed upon him, that it was not a position that he sought, and that he has

administered his duties as Trustee in Texas.  Rutt concedes, however, that for a period of time he

administered the Trust in New Mexico as Co-Trustee with John Emberton .  See Tr. at 11:6-14

-14-

(Court & Wedl).

Rutt argues that the burden on him would be great because he is a resident of Texas and performs his duties as Trustee from Texas. Rutt argues that he does not have a residence in New Mexico and has no family in New Mexico. The Court does not, however, believe that the burden on Rutt would be great, because at one time Rutt administered the trust from New Mexico. While the Court acknowledges that Rutt is not a resident of New Mexico, he also was not a resident of New Mexico during the time that he acted as Co-Trustee with John Emberton. The Court does not believe that the burden on Rutt is great, and thus this factor does not counsel against exercise of personal jurisdiction.

### 2.   New Mexico's Interest.

Rutt contends that New Mexico's interest is non-existent, because the administration was transferred to Texas years ago, and Texas law will govern the dispute. New Mexico mandates submission to its courts for trustees "accepting the trusteeship of a trust having its principal place of administration in this state . . . regarding any matter involving the trust." N.M.S.A. 1978, § 46A-2-202(A). The Trust Agreement also chooses New Mexico law for "all questions concerning its validity and construction . . . ." Trust Agreement, Article XVII of the Trust at 15.

Although a choice-of-law provision is "insufficient to establish that one has agreed in advance to submit to the jurisdiction of the courts in any forum," it is an "example of how [a defendant] purposefully avails [himself] of the protections of a [forum]." Monks Own, Ltd. v. Monastery of Christ in the Desert, 2007-NMSC-054, ¶ 28, 168 P.3d at 128-29. Although Texas law might govern the administration of the Trust, New Mexico law governs issues involving its validity and construction, and as such New Mexico has an interest in the Trust Agreement. In addition, the

choice of New Mexico law in the Trust Agreement suggests that Rutt has purposefully availed himself of New Mexico's protections. This factor counsels for exercise of personal jurisdiction, because New Mexico has an interest in the Trust Agreement. The original Trust selected its law, and the New Mexico legislature has established a jurisdictional basis for its courts to exercise jurisdiction over trustees administering trusts in New Mexico.

### 3. Peter Emberton's Interest.

Rutt contends that Peter Emberton has no vested interest in litigating this matter in New Mexico because Peter Emberton is a resident of California, and litigation in Texas would be just as convenient as litigation in New Mexico. Peter Emberton represents that he will seek testimony of New Mexico residents. See Response at 12. Rutt counters that the "dispute does not involve New Mexico property, New Mexico residents or, since 2004, a New Mexico trust." Reply at 15.

The Court believes it is too early to weigh in on the merits of Peter Emberton's claim, and believes that, because there is no dispute that, at one time, the Trust was administered from New Mexico, there may be New Mexico residents called as witnesses in this matter. As such, Peter Emberton has some interest in litigating this matter in New Mexico for the convenience of calling those witnesses. This factor counsels for exercise of jurisdiction over Rutt.

### 4. Interest in an Efficient Judicial System.

Rutt contends that, because Texas law governs disputes regarding the administration of the Trust, it is more judicially efficient to have this matter litigated in Texas. Rutt contends that, when the place of administration for a trust is not specifically identified in a trust document, the place of administration of any trust is generally regarded as the trustee's place of business or domicile. See Reply at 6 (citing Restatement (Second) Conflicts of Laws § 267, comment c (stating "in the absence

-16-

of such a provision [expressly identifying the state of administration], it is reasonable to infer in most situations that the testator or settlor expected the trustee to administer the trust at his or its place of business or domicile.")).  Rutt argues that whether a trustee or settlor anticipates a change in the place of administration may properly be inferred from his or her designation of a successor trustee located in another state.  See Reply at 6 (citing The Law of Trusts § 614 (4th ed.)(stating "the intention of the testator that there should be a change in the place of administration may be shown by his designation as a successor trustee a trust company or other corporation of another state.")).  There is no dispute that the Trust document anticipated a change in location of a place of administration.  Rutt assumes that the place of administration is now Texas, and that Texas law will thus govern this matter.  Rutt acknowledges, however, that "it is undisputed that [he] was forced to gather and administer Trust assets, some of which were in New Mexico," but nonetheless argues that "the location of the assets does not indicate the place of administration."  Reply at 7 (emphasis in original)(relying upon Restatement (Second) of Conflicts of Laws § 267).  Thus, while Texas may be the current principal place of administration, at one time Rutt administered the Trust from New Mexico.

The Court believes that there is insufficient evidence in the record that Texas state law will be the only law applied to this matter.  The Trust Agreement chooses New Mexico law for some issues, and there is a dispute regarding where the principal place of administration for the relevant time for the Trust was or is located -- New Mexico or Texas. This factor does not counsel against exercise of jurisdiction over Rutt, because Rutt has not demonstrated that it is more efficient to litigate this matter in Texas than in New Mexico where it is possible that either New Mexico or Texas law, or both, may govern this matter.

5.    <u>New Mexico's Interest in Promoting a Public Policy</u>.

Rutt argues that New Mexico has no interest in promoting any public policy with this case. New Mexico has, however, expressed a public policy in N.M.S.A. 1978, § 46A-2-202(A) that persons who accept trusts with a "principal place of administration in this state or by moving the principal place of administration to this state . . . submit personally to the jurisdiction of the courts of this state regarding any matter involving the trust."  N.M.S.A. 1978, § 46A-2-202(A).  While there is disagreement whether New Mexico continues to be the principal place of administration of the trust, it is undisputed that the Trust was once administered from New Mexico.  Because New Mexico law favors exercise of personal jurisdiction over trustees, at least of those administering a trust from New Mexico, this factor counsels for exercise of jurisdiction over Rutt.

On balance, it is not unfair to exercise personal jurisdiction over Rutt, and it does not offend traditional notions of fair play and substantial justice to exercise jurisdiction over Rutt.  He accepted a Trusteeship over a Trust executed in New Mexico, created by New Mexico residents, and administered -- at least for a time -- in New Mexico.  Furthermore, New Mexico law, at least in part, may govern the dispute.

**C.    SUFFICIENT MINIMUM CONTACTS EXIST TO ESTABLISH PERSONAL JURISDICTION.**

Rutt contends that, because he has not conducted or committed any of the acts enumerated in the New Mexico long-arm statute, he does not have sufficient minimum contacts with New Mexico to confer jurisdiction.  The Court believes that Rutt consented to New Mexico jurisdiction by accepting the Trusteeship.  Moreover, there are sufficient minimum contacts to exercise personal jurisdiction over Rutt.

Rutt's administration of the Trust when it was in New Mexico was "transact[ing] business"

in New Mexico within the meaning of N.M.S.A. 1978, § 38-1-16(A)(1).  Rutt did "a series of similar

acts for the purpose of realizing a pecuniary benefit, or otherwise accomplishing an object, or doing

a single act for such purpose with the intention of thereby initiating a series of such acts." Monks

Own, Ltd. v. Monastery of Christ In Desert, 2007-NMSC-054, ¶ 24, 168 P.3d at 128 (internal

quotations omitted).   Moreover, although Rutt's signature on the Second Amendment to the Trust

was notarized in Harris County of Texas, see Notice of Removal, Exhibit C, Second Amendment

at 5, he admitted administering the Trust in New Mexico for a period of time.  See  Reply at 7

(noting that "it is undisputed that [he] was forced to gather and administer Trust assets, some of

which were in New Mexico . . . .").  Compare State Farm Mutual Insurance Co. v. Conyers,109

N.M. at 245, 784 P.2d  at 288 (finding that, because the nonresidents entered into an agreement to

purchase insurance while in New Mexico, there were sufficient minimum contacts to exercise

personal jurisdiction, because they had transacted business in New Mexico).

In addition, the presence of a choice-of-law clause in the Trust Agreement selecting New

Mexico law for some issues suggests that Rutt purposefully availed himself of New Mexico's

protections. See Monks Own, Ltd. v. Monastery of Christ in the Desert, 2007-NMSC-054, ¶ 28, 168

P.3d at 128-29 (explaining that, although a choice-of-law provision is "insufficient to establish that

one has agreed in advance to submit to the jurisdiction of the courts in any forum," it is an "example

of how [a defendant] purposefully avails [himself] of the protections of a [forum].").    Rutt

"purposely avail[ed him]self of the privilege of conducting activities within [New Mexico] state,

thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. at 253. Rutt

thus has sufficient minimum contacts with New Mexico to justify exercise of personal jurisdiction

over him.

**II.    THE COURT WILL NOT TRANSFER THE VENUE OVER THE MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS.**

Alternatively, Rutt argues that, if the Court finds that it has jurisdiction over him, the Court should transfer this matter to the United States District Court for the Southern District of Texas, because is a more appropriate forum and is a forum in which this matter could have originally been brought. Rutt argues that the following factors counsel that Texas is the more appropriate forum: (i) the Trustee, Rutt, resides in Texas; (ii) the administration of the Trust at all relevant times has taken place in Texas; (iii) the records of such administration are in Texas; (iv) the witnesses with material information regarding Rutt's administration of the Trust are located in Texas; (v) Peter Emberton has already demonstrated that the travel necessary for litigation is immaterial; and (vi) pursuant to the plain terms of the Trust, Texas law will govern this dispute.

The Court will not transfer this matter to the Southern District of Texas. There is a dispute about where the relevant administration of the Trust occurred, and it is undisputed that, for a period of time, it occurred in New Mexico. Because the location of the principal place of administration of the Trust is in dispute, it is possible that some records of the administration may be in New Mexico as well as Texas. While Rutt argues that the witnesses Peter Emberton intends to call are immaterial to the case, the Court is not prepared, at this stage of the proceedings, to say that there are no relevant New Mexico residents who may be called as witnesses. Moreover, because the location of the principal place of administration is in dispute, it is uncertain whether Texas or New Mexico law will govern this dispute.

In addition to the factors that Rutt relies upon to argue that Texas is a more convenient forum, the Court also weighs a number of factors, including:

> [(i)] the plaintiff's choice of forum, [(ii)] the locus of the operative facts, [(iii)] the convenience and relative means of the parties, [(iv)] the convenience of witnesses, [v] the availability of process to compel the attendance of witnesses, [(vi)] the location of physical evidence, including documents, [(vii)] the relative familiarity of the courts with the applicable law, and [(viii)] the interests of justice, including the interest of trial efficiency.

Hickam v. Janecka, 2007 WL 2219417 at *1.  Many of these factors overlap with the Burger King Corp. v. Rudzewicz factors.  Peter Emberton originally chose New Mexico state court as his forum. See Complaint.  It is undisputed that John and Geraldine Emberton were New Mexico residents and the grantors in the Trust Agreement.  See Rutt Aff. ¶ 3, at 1; Motion at 1.  It is also undisputed that for a period of time, Rutt administered the Trust while it was located in New Mexico.  See Tr. at 11:6-14 (Court & Wedl)(conceding that, during the period of time that John Emberton and Rutt were acting as Co-Trustees, New Mexico courts had personal jurisdiction over Rutt).

Because at least some of the operative events occurred in New Mexico, it is possible that New Mexico residents may be witnesses in this matter and that documentary evidence concerning this matter may exist in New Mexico.  It is also possible that either New Mexico law or Texas law, or both, may govern aspects of this matter.  In conclusion, the Court does not believe that it is in the interest of justice or trial efficiency to transfer this matter to Texas.  It chooses to not exercise its discretion to transfer this matter to the Southern District of Texas.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991)(stating that "[c]ourts therefore enjoy. . . discretion to transfer a cause pursuant to § 1404(a)").

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Matter to the United States District Court for the Southern District of Texas is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James T. Reist
Bannerman & Williams, P.A.
Albuquerque, New Mexico

-- and --

Thomas Smidt, II
Thomas Smidt, III
Tax, Estate & Business Law, NA, LLC
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

William Spencer Reid
Brian C. Wedl
Keleher & McLeod, P.A.
Albuquerque, New Mexico

     *Attorneys for the Defendant*